UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MUDGE, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CASE NO. 04-12520 GAO |
| § | |
| UNUM LIFE INSURANCE COMPANY, § | |
| a/k/a UNUMPROVIDENT INSURANCE § | |
| COMPANY & COMPAQ CORP. AND § | |
| AFFILIATED COMPANIES LONG § | |
| TERM DISABILITY PLAN, aka § | |
| HEWLETT-PACKARD CO. GROUP § | |
| LONG TERM DISABILITY PLAN, § | |
| § | |
| DEFENDANTS. § | |

**DEFENDANT COMPAQ COMPUTER CORPORATION
LONG-TERM DISABILITY PLAN'S ORIGINAL ANSWER**

Defendant Compaq Computer Corporation Long-Term Disability Plan (incorrectly referred to as "Compaq Corp. and Affiliated Companies Long Term Disability Plan a/k/a Hewlett-Packard Co. Group Long Term Disability Plan") (referred to herein as "Defendant" or the "Plan"), files this its Original Answer to the Plaintiff's Complaint ("Complaint"), and will show the Court as follows:

I.
ANSWER

1.   Defendant admits that Plaintiff has filed suit. Defendant admits that there is a welfare benefit plan maintained by Compaq Computer Corporation entitled Compaq Computer Corporation Long-Term Disability Plan and that the Plan number is 24768 001. Defendant further admits that the Plan was insured by Defendant UNUM Life Insurance Company of America ("UNUM"). Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2(1) of Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the allegations in Paragraph 2(2) and (3) of Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Plaintiff has filed this action, but denies that Plaintiff is entitled to any of the requested relief. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies that Plaintiff is a vested participant in a "UNUM employee benefit plan" within the meaning of 29 U.S.C. § 1002(2)(7). Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. Such allegations are therefore denied.

6. Defendant admits that Defendant UNUM Life Insurance Company of America insures Compaq Computer Corporation's Long-Term Disability Plan. Defendant further admits that UNUM processes claims made under the Plan and makes a final determination as to eligibility for long-term disability benefits under the Plan. As to the remainder of the allegations contained in Paragraph 6, Defendant is without sufficient information to admit or deny the allegations and, therefore, such allegations are denied. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint. Such allegations are therefore denied.

8. Defendant admits that the Plan under which Plaintiff sues is named the Compaq Computer Corporation Long-Term Disability Plan, which has a policy number of 24768 001.

Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits that Plaintiff began employment at Digital Electronics Corporation in December 1976 in Maynard, Massachusetts. Defendant further admits that Compaq Computer Corporation acquired Digital Electronics Corporation in 1998 and that Compaq Computer Corporation was acquired by Hewlett-Packard Company in May 2002. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. Such allegations are therefore denied.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that the Plan provides disability benefits when an eligible participant meets certain criteria. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits that the section of the Plan entitled "How Long Will UNUM Continue to Send You Payments?" addresses how long benefits are payable, as applicable. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits that Plaintiff received, for a period of time, $4,029.48 in monthly disability benefits pursuant to the Plan. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. Such allegations are therefore denied.

19. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint. Such allegations are therefore denied.

20. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint. Such allegations are therefore denied.

21. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint. Such allegations are therefore denied.

22. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint. Such allegations are therefore denied.

23. Defendant admits that Plaintiff applied for long-term disability benefits under the Plan on or about April 2000. Defendant has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint. Such allegations are therefore denied.

24. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint. Such allegations are therefore denied.

25. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint. Such allegations are therefore denied.

26. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint. Such allegations are therefore denied.

27. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. Such allegations are therefore denied.

28. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint. Such allegations are therefore denied.

29. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint. Such allegations are therefore denied.

30. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint. Such allegations are therefore denied.

31. Defendant admits that a letter dated January 31, 2002 from UNUM to Plaintiff states that "UNUM paid both [Plaintiff's] Short and Long Term Disability claims from May 2000 through the present, for these conditions based on [his] subjective complaints and unresponsiveness to conservative treatments and therapies. It should be noted that there is not objective evidence on file to support these complaints. ... [UNUM's] medical department has concluded that if [Plaintiff's] subjective complaints of cognitive dysfunction were that severe, one would have sought additional neuropsychological testing to seek appropriate treatment for such symptoms." Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint. Such allegations are therefore denied.

33. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint. Such allegations are therefore denied.

34. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint. Such allegations are therefore denied.

35. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint. Such allegations are therefore denied.

36. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint. Such allegations are therefore denied.

37. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint. Such allegations are therefore denied.

38. Defendant admits that there is a letter dated May 29, 2002 from Jeanne Flaherty to Plaintiff acknowledging receipt of Plaintiff's letter requesting a review of his disability claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint. Such allegations are therefore denied.

40. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint. Such allegations are therefore denied.

41. Defendant admits that there is a letter dated June 14, 2002 from Jeanne Flaherty, Lead Appeals Specialist at UNUM, to Plaintiff's counsel stating that UNUM would provide Plaintiff with an extension to July 10, 2002 to submit additional information in support of Plaintiff's claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint. Such allegations are therefore denied.

43. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint. Such allegations are therefore denied.

44. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint. Such allegations are therefore denied.

45. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint. Such allegations are therefore denied.

46. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint. Such allegations are therefore denied.

47. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint. Such allegations are therefore denied.

48. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint. Such allegations are therefore denied.

49. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint. Such allegations are therefore denied.

50. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint. Such allegations are therefore denied.

51. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint. Such allegations are therefore denied.

52. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint. Such allegations are therefore denied.

53. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint. Such allegations are therefore denied.

54. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint. Such allegations are therefore denied.

55. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint. Such allegations are therefore denied.

56. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint. Such allegations are therefore denied.

57. Defendant admits that on October 30, 2003, Dr. Agnes Virga wrote a letter to counsel for Mr. Mudge. Defendant further admits that Dr. Virga states that Plaintiff had been under her care from March 17, 1999 until November 15, 2001. Defendant further admits that Dr. Virga wrote: "There is no doubt, based on Mr. Mudge's clinical presentation, imaging study, spinal fluid and laboratory results, that he does have demyelinating disease, MS. Even if Mr. Mudge did not have severe exacerbations, he did not get back to baseline functioning and continued to have quite debilitating symptoms. 'Remission' in a patient with demyelinating disease does not mean that the patient has no symptoms. 'Remission' means that the patient does not have a serious exacerbation. The level of 'remission' might even mean being wheelchair bound or totally unable to function or work, but not having any new severe symptoms representing another new focus or MS plaque. Fortunately, 'remission' in Mr. Mudge's case did not mean a very severely dysfunctional baseline, but nevertheless represented a continued problem with cognitive functioning, memory, recurrent visual disturbances and balance problems." Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint. Such allegations are therefore denied.

59. Defendant admits that on March 11, 2004, Joel Kenniston, UNUM Appeals Consultant, wrote to counsel for Mr. Mudge stating that it is UNUM's "position that this matter is now closed. [UNUM] will not be completing any further review of Mr. Mudge's claim. In addition, [UNUM] will not be considering this new information, and [UNUM is] returning this

information to [Plaintiff's attorney] with this letter." Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint. Such allegations are therefore denied.

61. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint. Such allegations are therefore denied.

62. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint. Such allegations are therefore denied.

63. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint. Such allegations are therefore denied.

64. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 of Plaintiff's Complaint. Such allegations are therefore denied.

65. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint. Such allegations are therefore denied.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Complaint. Such allegations are therefore denied.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint. Such allegations are therefore denied.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint. Such allegations are therefore denied.

72. Defendant hereby incorporates by reference all answers, denials and defenses in response to Paragraphs 1-71 of Plaintiff's Complaint as if repeated herein verbatim.

73. Defendant admits that the Plan is a group insurance contract. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 74 of Plaintiff's Complaint. Such allegations are therefore denied.

75. Defendant admits that 29 U.S.C. § 1132(a)(1)(B) states that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan, but denies that Plaintiff is entitled to any relief under ERISA or any other form of relief. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Complaint. Such allegations are therefore denied.

78. Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendant hereby incorporates by reference all answers, denials and defenses in response to Paragraphs 1-79 of Plaintiff's Complaint as if repeated herein verbatim.

81. Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 82 of Plaintiff's Complaint. Such allegations are therefore denied.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies any allegations contained in the Prayer for Relief in Plaintiff's Complaint, paragraphs (1) - (5).

87. Any allegations not specifically admitted herein are hereby denied.

## II.
## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by his failure to comply with applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, estoppel, and laches.

### FOURTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim is barred to the extent that Plaintiff failed to exhaust his administrative remedies under the applicable employee benefit plan including the failure to inform the plan administrator of all facts and arguments pertaining to the denial of benefits.

## FIFTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant has performed its duties in good faith and, in so doing, has acted in accordance with the documents and instruments governing the plan and in the interest of all plan participants and beneficiaries.

## SIXTH DEFENSE

Plaintiff's damages, if any, were not caused by Defendant, rather they were caused by Plaintiff or third parties.

## SEVENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant at no time acted in the capacity of plan administrator or undertook any action or role that would lead to liability to Plaintiff.

## EIGHTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that the plan administrator has the exclusive right to interpret, construe, and implement the provisions of the plan and to resolve all questions concerning eligibility of benefits and that the plan administrator did not abuse its discretion.

## NINTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff is not entitled to the benefits and relief sought because Plaintiff neither qualified for nor was eligible for the benefits at issue.

## TENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that any relief recovered by Plaintiff must be offset by other similar benefits available to Plaintiff to avoid a windfall.

## ELEVENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that any relief recovered by Plaintiff must be offset pursuant to the terms of the plan.

## TWELFTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that any relief recovered by Plaintiff must be offset by benefits which Plaintiff has been awarded by the plan to date to avoid a windfall.

## THIRTEENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff has failed to join a necessary party which is the appropriate Plan itself — which Plaintiff seeks benefits from.

## FOURTEENTH DEFENSE

Defendant reserves the right to file and serve additional affirmative defenses as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing herein, and that Defendant receive judgment for its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.

                                         COMPAQ COMPUTER CORPORATION
                                         LONG-TERM DISABILITY PLAN
(incorrectly referred to as "Compaq Corp. and Affiliated Companies Long Term Disability Plan a/k/a Hewlett-Packard Co. Group Long-Term Disability Plan")

By its attorneys,

s/ Linda Ottinger Headley
Linda Ottinger Headley
Texas State Bar No. 15344600
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Tel:  713.951.9212
Fax:  713.951.9212

Dated: February 22, 2005

*Of Counsel:*
David C. Casey
(BBO #077260)
*and*
Littler Mendelson, P.C.
One International Place
Suite 2700
Boston, MA  02110
Tel: 617-378-6000
Fax: 617-737-0052

CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic court notification or certified mail, return receipt requested on February 22, 2005.

                                             s/ Linda Ottinger Headley
                                             Linda Ottinger Headley

Houston:213091.1 001577.1000