FILED IN CLERKS OFFICE 2005 MAR 15 A 9:51 U.S. DISTRICT COURT DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID MUDGE,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY, aka UNUMPROVIDENT INSURANCE COMPANY & COMPAQ CORP. AND AFFILIATED COMPANIES LONG TERM DISABILITY PLAN, aka, HEWLETT-PACKARD CO. GROUP LONG TERM DISABILITY PLAN,

Defendants.

CIVIL ACTION
Docket No: 04-12520 GAO

**ANSWER**

Defendant Unum Life Insurance Company of America ("Unum") answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

**INTRODUCTION**

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff challenges Unum's practices and decisions in relation to his claim; Defendant denies the truth of those allegations.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint relating to the fact that Plaintiff has filed this action to seek the identified remedies; Defendant denies that he is entitled to such remedies.

## JURISDICTION

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendant admits that Plaintiff is 48 years old. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff currently resides. The remaining allegations contained in Paragraph 5 state a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff purports to sue under a long term disability plan. Defendant is without knowledge or information sufficient to form a belief as to whether Compaq is a Massachusetts company and the location of its principal place of business.

## STATEMENT OF FACTS

**Insurance, Entitlement, Definitions of Disability, Discretion**

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant states that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant states that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant states that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant states that the contents of the Plan speak for themselves, and deny any allegations to the contrary.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**Mr. Mudge's Claim for LTD Benefits**

18. Defendant admits that Plaintiff submitted a claim to Unum, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

**Mr. Mudge's Application for LTD Benefits**

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that Plaintiff applied for LTD benefits and submitted to Unum an Attending Physician Statement from Dr. Virga. The contents of Plaintiff's application and Dr. Virga's statement speak for themselves and Defendant denies any allegations to the contrary.

24. Defendant admits that Unum engaged in periodic reviews of Plaintiff's file and requested updated medical information from Plaintiff. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

26.[sic.] Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that Robert Murphy interviewed Plaintiff at Plaintiff's sister's home on November 26, 2001. The contents of Mr. Murphy's report speak for themselves and Defendant denies any allegations to the contrary.

29. [sic.] Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

**Medical Review of Mr. Mudge's Claim**

30. Defendant admits that Dr. Alan Neuren, a doctor employed by Unum, reviewed Plaintiff's claim file on January 15, 2002. The contents of Dr. Neuren's review speak for themselves and Defendant denies any allegations to the contrary.

**Termination of Mr. Mudge's Benefits**

31. Defendant admits that Unum sent Plaintiff a letter dated January 31, 2002, the contents of which speak for themselves, and it denies any allegations to the contrary.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**Mr. Mudge's Appeal of Unum's Termination of His Benefits**

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

**Unum's Review of Mr. Mudge's Appeal**

36. Defendant admits that Dr. Jana G. Zimmerman, who is employed by Unum, reviewed Plaintiff's file, including Dr. Gavin's evaluation, on May 3, 2002. The contents of Dr. Zimmerman's review speak for themselves and Defendant denies any allegations to the contrary.

**Unum Upheld the Prior Termination**

37. Defendant admits that Unum sent Plaintiff a letter dated May 22, 2002, the contents of which speak for themselves, and denies any allegations to the contrary. Defendant denies that the May 22, 2002, letter was unsigned.

38. Defendant admits that Unum sent Plaintiff a letter dated May 29, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

39. Defendant admits that Unum sent Plaintiff's counsel a copy of Plaintiff's file on May 30, 2002, and a letter dated May 30, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

**Subsequent Medical Reviews of Mr. Mudge's file**

40. Defendant admits that Dr. Neuren reviewed Plaintiff's file on June 14, 2002. The contents of Dr. Neuren's report speak for themselves, and Defendant denies any allegations to the contrary.

**Subsequent Submission of Medical Evidence in Support of Mr. Mudge's Claim**

41. Defendant admits that Unum sent a letter to Plaintiff's counsel dated June 14, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

42. Defendant admits that Plaintiff's counsel sent Unum a letter dated July 18, 2002, along with a form filled out by one of Plaintiff's physicians and an office note. Defendant denies the remaining allegations contained Paragraph 42 of Plaintiff's Complaint.

**Unum Upheld Prior Termination**

43. Defendant admits that Unum sent Plaintiff's counsel a letter dated July 29, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

44. Defendant admits that Plaintiff's counsel sent Unum a letter dated August 1, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

**Additional Submission of Evidence**

45. Defendant admits that Plaintiff's counsel sent Unum a letter dated October 2, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

46. Defendant admits that Unum sent Plaintiff's counsel a letter dated November 5, 2002, the contents of which speak for themselves, and it denies any allegations to the contrary.

47. Defendant admits that Plaintiff's counsel sent Unum a letter dated November 11, 2002, the contents of which speak for themselves, and denies any allegations to the contrary.

48. Defendant admits that Plaintiff's counsel sent Unum a report from Dr. Stein on December 10, 2002. The contents of Dr. Steins report speak for themselves and Defendant denies any allegations to the contrary.

**Subsequent Unum Medical Review**

49. In response to Paragraph 49 of Plaintiff's Complaint, Defendant states that the contents of Plaintiff's counsel's December 10, 2002 letter speak for themselves, and denies any allegations to the contrary.

50. Defendant admits that Unum sent Plaintiff's counsel a letter dated January 9, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

51. Defendant admits that Unum sent Plaintiff's counsel a letter dated January 21, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

52. Defendant admits that Plaintiff's counsel sent Unum a letter dated February 4, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

53. Defendant admits that Unum sent Plaintiff's counsel a letter dated March 4, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

54. Defendant admits that Plaintiff's counsel sent Unum a letter dated March 5, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

55. Defendant admits that Dr. Neuren reviewed Plaintiff's file on March 14, 2003. The contents of Dr. Neuren's report speak for themselves and Defendant denies any allegations to the contrary.

56. Defendant admits that Unum sent Plaintiff's counsel a letter dated March 20, 2003, the contents of which speak for themselves, and denies any allegations to the contrary.

**Subsequent Submission by Mr. Mudge**

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant admits that Plaintiff's counsel sent Unum a letter dated January 22, 2004, the contents of which speak for themselves, and denies any allegations to the contrary.

59. Defendant admits that Unum sent Plaintiff's counsel a letter dated March 11, 2004, the contents of which speak for themselves, and denies any allegations to the contrary.

60. Defendant admits the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant admits the allegations contained in Paragraph 71 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan / Action for Unpaid Benefits)**

72. Defendant repeats and reasserts with the same force and effect as if set forth in full herein its answers to the allegations contained in Paragraphs 1 through 71 of Plaintiff's Complaint.

73. Paragraph 73 of Plaintiff's Complaint states a legal conclusion to which no response is required.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. In response to Paragraph 75 of Plaintiff's Complaint, Defendant admits that the quotation is accurate, but denies that Plaintiff is entitled to relief under the quoted statute.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**

80. Defendant repeats and reasserts with the same force and effect as if set forth in full herein its answers to the allegations contained in Paragraphs 1 through 79 of Plaintiff's Complaint.

81. In response to Paragraph 81 of Plaintiff's Complaint, Defendant admits that the quotation is accurate, but denies that Plaintiff is entitled to relief under the quoted statute.

82. Defendant admits the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

**SECOND DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

**FOURTH DEFENSE**

Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

**FIFTH DEFENSE**

The demand for attorneys' fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

**SIXTH DEFENSE**

Each and every act or statement done or made by Defendant and its officers, employee and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

**SEVENTH DEFENSE**

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

**EIGHTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendant denies, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**NINTH DEFENSE**

Defendant's decisions were neither arbitrary nor capricious.

**TENTH DEFENSE**

The nature of relief sought by Plaintiff is unavailable under ERISA.

**REQUESTED RELIEF**

Defendant respectfully requests: (i) that the Court dismiss the claims against it with prejudice and that judgment be entered in Defendant's favor on such claims; (ii) that Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: March 14, 2005

Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants
Unum Life Insurance Company of America

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff, via overnight mail, postage prepaid, addressed as follows:

Mark Bronstein, Esq.
M. Katherine Sullivan, Esq.
Law Office of Mark Bronstein
288 Walnut Street, Suite 120
Newton, MA 02458

DATED: March 14, 2005

Geraldine G. Sanchez

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100